UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TROY FLEMING, ET AL. | CIVIL ACTION |
| VERSUS | NO: 20-1476 |
| BAYOU STEEL BD HOLDINGS II LLC, ET AL. | SECTION: "J"(4) |

## ORDER & REASONS

Before the Court is a *Motion to Strike Defendants' Sixth and Seventh Affirmative Defenses* **(Rec. Doc. 69)** filed by Plaintiffs, Troy Fleming, Jarrod Nabor, Davarian Ursin, Charles Ziegeler, and Ronnie Millet, on behalf of themselves and those similarly situated (collectively "Plaintiffs"); an opposition (Rec. Doc. 82) filed by Bayou Steel BD Holdings II LLC and Black Diamond Capital Management LLC (collectively "Defendants"); and a reply (Rec. Doc. 91) filed by Plaintiffs. Having considered the motion, legal memoranda, record, and applicable law, the Court finds that the motion should be granted.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from an alleged violation of the Worker Adjustment and Retraining Notification Act ("WARN Act") by Defendants. Plaintiffs, former employees of Defendants, claim that they did not receive notice before BD LaPlace, LLC, d/b/a Bayou Steel Group closed the Bayou Steel mill, its corporate headquarters, and related facilities on October 1, 2019, in violation of the WARN Act. Plaintiffs assert that Defendants, Bayou Steel BD Holdings II, LLC and Black Diamond Capital

Management, LLC, are liable for Bayou Steel's violation of the WARN Act as a "single employer." Plaintiffs filed their initial complaint with this Court on May 19, 2020 on behalf of themselves and those similarly situated. Defendants filed an answer on August 19, 2020 and raised numerous affirmative defenses, including those at issue in the instant motion: the faltering company defense and unforeseeable business circumstances.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision to grant or deny a motion to strike lies within the sound discretion of the trial court. *Chaverri v. Dole Food Co.*, No. CIV. A. 11-1289, 2012 WL 2087409, at *2 (E.D. La. June 8, 2012). However, motions to strike under Rule 12(f) are disfavored and "should be used sparingly by the courts" because they are considered a "drastic remedy to be resorted to only when required for the purposes of justice." *Henry v. Maxum Indem. Co.,* No. CV 20-2995, 2021 WL 5748877, at *1 (E.D. La. Sept. 28, 2021) (internal quotations omitted). Additionally, the moving party must generally make a showing of prejudice before a motion to strike is granted. *Id*. Although motions to strike are disfavored, defenses are properly dismissed under Rule 12(f) where they are insufficient as a matter of law. *Kaiser Aluminum & Chem. Sales, Inc., v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982).

## DISCUSSION[1]

As an initial note, Plaintiffs do not attempt to demonstrate how they might be prejudiced by Defendants' use of the unforeseeable business circumstance exception and instead challenge its sufficiency as a matter of law. *See generally* (Rec. Docs. 69 & 91). Plaintiffs contend that Defendants did not provide their terminated employees with any written notice of their termination as required under the WARN Act. (Rec. Doc. 69-1, at 7). Alternatively, Plaintiffs assert that if Defendants did give notice, the notice given was not sufficient. (Rec. Doc. 91, at 4). Specifically, Plaintiffs argue that Defendants did not "give a brief statement of the basis for reducing the notification period." *Id.* Plaintiffs aver that because Defendants have not met the statutory requirements prerequisite to invoking the unforeseeable business circumstance exception, their affirmative defense containing that exception should be struck. *Id.* at 7–8. In opposition, Defendants argue that the notices given were sufficient in content and issued properly. (Rec. Doc. 82, at 5–6).

There is no question that the plain language of the WARN Act requires an employer to provide written notice to affect a mass layoff or plant closure prior to a sixty day waiting period. 29 U.S.C. § 2102(a). Further, to invoke the unforeseeable business circumstance exception from the sixty day waiting period, "[a]n employer . . . shall give as much notice as is practicable and at that time shall give a brief statement of the basis for reducing the notification period." 29 U.S.C. § 2102(b)(3).

---

[1] Defendants do not intend to rely on their sixth affirmative defense, the faltering company defense, and Defendants do not oppose Plaintiffs' requested relief to strike their sixth affirmative defense, (Rec. Doc. 82, at n.1), so the Court will not address it here.

Therefore, if Plaintiffs are correct that Defendants failed to provide any written notice, the unforeseeable business circumstance exception would indeed be inapplicable, and Defendants' seventh affirmative defense should be struck. However, because Defendants can point to evidence that they did issue some notices, questions remain regarding the notices' conformity to the requirements.

"An employer may order a plant closing or mass layoff before the conclusion of the 60–day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." 29 U.S.C. § 2102(b)(2)(A). An unreasonably foreseeable circumstance is one "caused by some sudden, dramatic, and unexpected action or condition outside the employer's control." 20 C.F.R. § 639.9(b)(1). Examples include "[a] principal client's sudden and unexpected termination of a major contract with the employer, a strike at a major supplier of the employer, [] an unanticipated and dramatic major economic downturn[,] . . . [and a] government ordered closing of an employment site . . . ." *Id.*

> The test for determining when business circumstances are not reasonably foreseeable focuses on an employer's business judgment. The employer must exercise such commercially reasonable business judgment as would a similarly situated employer in predicting the demands of its particular market. The employer is not required, however, to accurately predict general economic conditions that also may affect demand for its products or services.

*Id.* § 639.9(b)(2). Although the unforeseeable business circumstance exception is ordinarily "very fact intensive," *Thielmann v. MF Global Holdings Ltd.*, 481 B.R. 268, 278 (Bankr. S.D.N.Y. 2012), a necessary predicate to even get to this fact intensive inquiry "is a showing that the shortened notice included a brief statement of the basis

4

for the reduced notice period . . . ," *In re Dewey & LeBoeuf LLP*, 507 B.R. 522, 528 (Bankr. S.D.N.Y. 2014). When a notice does not contain a brief statement of the basis for reducing the notice period, the notice, as a matter of law, is not proper under the WARN Act. *See Carroll v. World Mktg. Holdings, LLC*, 418 F. Supp. 3d 299, 312 (E.D. Wis. 2019).

To meet the "brief statement" requirement, the employer must "set forth the underlying factual events which led to the shortened [notice] period." *Alarcon v. Keller Indus.*, 27 F.3d 386, 389 (9th Cir. 1994). Merely stating the words of the statute, such as "the notice is shortened because we are a faltering company," is insufficient to satisfy the statutory requirement of a "brief statement." *See id.* at 390.

> By providing that an employer must give a brief statement of the basis for the shortened notice, Congress indicated that it intended something more than a citation to the statute or a conclusory statement summarizing the statutory provision. If an employer could comply with § 2102(b)(3) by simply parroting a statutory exception, this section of the statute would serve no purpose.

*Grimmer v. Lord Day & Lord*, 937 F. Supp. 255, S.D.N.Y. 1996). Specifically, stating that the employer "was not able to give greater advance notice of this termination since this termination arises from unforeseeable business circumstances[]" was found insufficient because it did not "set forth any of the facts explaining why the shortened period was necessary . . . ." *Id.*

In *Carroll v. World Marketing Holdings, LLC*, the court found that the notice given to the employees did not contain a brief statement of the basis for reducing the notice period when the notice "told employees that the company had filed for

bankruptcy that afternoon as the first step in what would likely be the end of the company." 418 F. Supp. 3d at 312. Specifically, the court reasoned that this statement "was nothing more than a statement of the reason why the company was closing the facilities. It was not an explanation of why the company did not give 60 days' notice of the closures." *Id.* The court went on to explain that the WARN Act requires the brief statement to explain the reason for reducing the notice period, not the reason why the employer was closing. *Id.* (citing § 2102(b)(3)); *see also Newman ex rel. World Mktg. Tr. v. Crane, Heyman, Simon, Welch, & Clar*, 435 F. Supp. 3d 834, 842 (N.D. Ill. 2020) (finding the following non-compliant with § 2102(b)(3): "[t]he group of investors who purchased World Marketing from Berkshire Hathaway almost a year ago had great expectations but was never able to achieve the momentum necessary to sustain the operation. The investment needed to operate the business fell short and the company ran out of money."). The *Carroll* court went a step further and even suggested what the employer should have said to comply with the unforeseeable business circumstances requirement:

> To comply with this requirement, the company should have said something along the lines of what they said in their belated WARN notice . . . , namely, that the company could not have given 60 days' notice because of sudden and unexpected actions taken by its lender and the company's subsequent failure to obtain alternative financing.

*Id.* at 312–13.

Moreover, in *In re AE Liquidation*, the court found that the employer set forth sufficiently specific facts because:

6

> [t]he . . . email states that there will be a furlough because efforts to finalize a sale have been unexpectedly delayed[] and . . . provides specific facts regarding why notice had not been given earlier. The . . . email states that "the closing of the sale transaction has stalled and our company is out of time and money," that given "the lack of additional debtor-in-possession funding, the senior secured creditors of the Company filed a motion today . . . to convert the Chapter 11 case to a Chapter 7 liquidation," and that this action "is being supported by the directors of [the employer].

556 B.R. 609, 626 (D. Del. 2016), *aff'd*, 866 F.3d 515 (3d Cir. 2017).

Here, the notice Defendants gave to the local union representative and the salaried, non-union employees stated: "[b]ecause of unforeseen business circumstances and the inability to secure necessary capital[] . . . ." (Rec. Doc. 82, at 7; Rec. Doc. 82-2, at 45). This "brief statement" does exactly what the court in *Alarcon v. Keller Industries* says is insufficient; the statement merely states the words of the statute. This simple recitation of the statutory language does not provide any opportunity for the laid-off employees to judge whether Defendants justifiably terminated their employment so abruptly. Moreover, like the brief statement in *Grimmer* which simply stated that "this termination arises from unforeseeable business circumstances," the brief statement here uses almost this exact same language. Finally, Defendants' "brief statement" is even more insufficient than the one given in *Carroll* in which the employer told the employees why the business was closing but failed to state why the employer did not give sixty days notice. Defendants fail to give any reason why, besides the language of the statute, why Bayou Steel is closing, let alone explain why giving sixty days notice was not possible.

Therefore, even assuming (1) that Defendants can meet the requirements of the unforeseeable business circumstances affirmative defense and (2) that Defendants gave as much notice as is practicable, Defendants cannot clear the predicate of a "brief statement." Thus, the Court finds that Defendants' purported notice is insufficient as a matter of law, and they cannot rely on the unforeseeable business circumstances exception.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion to Strike Defendants' Sixth and Seventh Affirmative Defenses* **(Rec. Doc. 69)** is **GRANTED**.

New Orleans, Louisiana, this 28th day of January, 2022.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE