UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROY FLEMING et al                                    CIVIL ACTION

VERSUS                                                NO: 20-1476

BAYOU STEEL BD HOLDINGS II                            SECTION: "J"(4)
LLC, et al

## ORDER & REASONS

Before the Court is a *Motion for Reconsideration* **(Rec. Doc. 112)** filed by

Plaintiffs, Troy Fleming, Ronnie Millet, Jarrod Nabor, Davarian Ursin, and Charles

Ziegeler (collectively "Plaintiffs"); an opposition (Rec. Doc. 115) filed by Bayou Steel

BD Holdings II LLC and Black Diamond Capital Management LLC (collectively

"Defendants"); and a reply (Rec. Doc. 121) filed by Plaintiffs. Having considered the

motion and legal memoranda, the record, and the applicable law, the Court finds that

the motion should be denied.

## FACTS AND PROCEDURAL BACKGROUND

The Court will not restate the facts that were detailed in its prior two Order &

Reasons. *See* (Rec. Docs. 58 & 110). The Court granted Defendants' second motion for

summary judgment, which dismissed the case, and the Court entered a Judgment

(Rec. Doc.  111) in favor of Defendants. Subsequently, Plaintiffs filed the instant

*Motion for Reconsideration*, urging the Court to reconsider its Order & Reasons

granting summary judgment to Defendants. (Rec. Doc. 110).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e). *Southern Snow Manufacturing Co, Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Courts have noted that motions to reconsider or amend a final or partial judgment are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79; *Snowizard*, 921 F. Supp. 2d at 565. Also, such motions should not be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of four factors: (1) the motion is necessary to correct a manifest error of law, (2) the movant presents newly discovered or previously

unavailable evidence, (3) the motion is necessary in order to prevent manifest injustice, or (4) the motion is justified by an intervening change in controlling law. *Snowizard*, 921 F. Supp. 2d at 565; *Schiller*, 342 F.3d at 567; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## DISCUSSION

Plaintiffs argue that the Court made three findings that are manifestly erroneous on the issue of de facto control: (1) the outside directors acted independently; (2) the outside directors, not BDCM, directed the illegal mass layoff without advance notice; and (3) BDCM did not seek to benefit from the bankruptcy by ousting the union. (Rec. Doc. 112-1, at 2). These are the same arguments that Plaintiffs made in their Opposition to Defendants' Second Motion for Summary Judgement (Rec. Doc. 97) which this Court has already rejected.

There is an issue the Court would like to address though, a factual error made on page twelve of its Prior Order & Reasons. (Rec. Doc. 110, at 12). The Court stated, "on September 27, Plaintiffs aver, after little to no communication with the outside directors during this time, the Board met again, and the outside directors voted to put Bayou Steel into bankruptcy." (*Id.*) (citing Rec. Doc. 97, at 18). The Court was citing to Plaintiffs' own memorandum in which Plaintiffs stated that "just five days later, following a brief presentation which may have lasted a couple of hours, the outside directors voted to put Bayou Steel into bankruptcy." (Rec. Doc. 97, at 18). The Court understood these "five days later" to be in reference to the September 22, 2019 Board Meeting, making the date five days later to be September 27, 2019. The Court

understood that the outside directors voted to file for bankruptcy on September 27, 2019, and the official resolution to approve the bankruptcy was signed on the afternoon of September 30, 2019. Clearly, the Court was incorrect regarding the chronology. On September 27, 2019, Polsinelli and Candlewood recommended bankruptcy to the Board, and on September 30, 2019, the outside directors passed a resolution to put Bayou Steel into bankruptcy. (Rec. Doc. 92-1, at 12).

Additionally, Plaintiffs assert that new evidence shows that BDCM directed the mass layoff and bankruptcy filing of Bayou Steel. (Rec. Doc. 112-1, at 3). In opposition, Defendants contend that this "newly discovered" evidence could have been discovered earlier through proper diligence. (Rec. Doc. 115, at 17). The Court agrees with Defendants. Finally, even if the Court were to consider the "newly discovered" evidence in conjunction with its factual error, Plaintiffs cannot clear the hurdle of showing a benefit from the bankruptcy to BDCM. Viewing the newly discovered evidence in the light most favorable to Plaintiffs, which, notably, Plaintiffs assert the Court failed to do in its Prior Order & Reasons, the Court once again finds Plaintiffs have not created a genuine issue of material fact as to the benefit to BDCM. Without a showing of the benefit of the bankruptcy and mass lay off to BDCM, the Court simply cannot find for Plaintiffs on the de facto control factor.

Because Plaintiffs have not created a genuine issue of material fact as to the de facto control factor, the most heavily weighted factor, the Court will not address the unity of personnel policies factor.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Reconsideration* **(Rec. Doc. 112)** is **DENIED**.

New Orleans, Louisiana, this 20th day of April, 2022.

_____

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE